AO 440 (Rev. 12/09)  Summons in a Civil Action

JUDGE SWAIN UNITED STATES DISTRICT COURT

for the

Southern District of New York 14 CV 133

MELVIN MARTIN,                                   )
                                Plaintiff,       )
                                                 )
                    v.                           )        Civil Action No.
                                                 )
THE CITY OF NEW YORK, DET. NELSON PABON,          )
Shield No. 7335, Individually and in his Official Capacity, )
and DET. EMILY RIVERA, Shield No. 929040, Individually     )
and in her Official Capacity,                    )
                                                 )
                                                 )
                                Defendants,      )
                                                 )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

| | | |
|---|---|---|
| The City of New York | Det. Nelson Pabon | Det. Emily Rivera |
| Law Department | Shield No. 7335 | Shield No. 929040 |
| Michael A. Cardozo | Narcotics Borough | Narcotics Borough |
| 100 Church Street | Manhattan North | Manhattan North |
| New York, N.Y. 10007 | 1 Police Plaza | 1 Police Plaza |
| | New York, NY 10038 | New York, NY 10038 |

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

COHEN & FITCH LLP
233 Broadway, Suite 1800
New York, N.Y. 10279

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

*CLERK OF COURT*

JAN 0 9 2014

Date: _____          _____
                                         *Signature of Clerk or Deputy Clerk*



JS 44C/SDNY
REV. 12/2005

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS** MELVIN MARTIN

**DEFENDANTS** THE CITY OF NEW YORK, DET. NELSON PABON, Shield No. 7335, Individually and in his Official Capacity, and DET. EMILY RIVERA, Shield No. 929040, Individually and in her Official Capacity

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**
Cohen & Fitch LLP, 233 Broadway, Suite 1800, NY, NY 10007, (212) 374-9115

**ATTORNEYS (IF KNOWN)**
Michael A. Cardozo, Corporation Counsel for the City of New York, 100 Church Street, NY, NY 10007

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

42 U.S.C. Section 1983. Violation of civil rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

Has this or a similar case been previously filed in SDNY at any time? No [x]  Yes [ ]  Judge Previously Assigned

If yes, was this case Vol [ ]  Invol. [ ]  Dismissed. No [ ]  Yes [ ]  If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*  **NATURE OF SUIT**

### TORTS

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 385 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**
[ ] 861 MIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/COMMODITIES/EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

**ACTIONS UNDER STATUTES**

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 246 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[x] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____  OTHER _____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE _____  DOCKET NUMBER_____

*Check YES only if demanded in complaint*
JURY DEMAND: [x] YES [ ] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

*(PLACE AN x IN ONE BOX ONLY)* **ORIGIN**

[X] 1 Original Proceeding   [ ] 2a. Removed from State Court   [ ] 3 Remanded from Appellate Court   [ ] 4 Reinstated or Reopened   [ ] 5 Transferred from (Specify District)   [ ] 6 Multidistrict Litigation   [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

[ ] 2b. Removed from State Court AND at least one party is a pro se litigant

*(PLACE AN x IN ONE BOX ONLY)* **BASIS OF JURISDICTION**

[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [X] 3 FEDERAL QUESTION (U.S. NOT A PARTY)   [ ] 4 DIVERSITY

***IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)***

## CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

Melvin Martin
2991 8th Avenue
New York, NY 10039

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

The City of New York
Law Department
Michael A. Cardozo
100 Church Street
New York, N.Y. 10007

Det. Nelson Pabon
Shield No. 7335
Narcotics Borough
Manhattan North
1 Police Plaza
New York, NY 10038

Det. Emily Rivera
Shield No. 929040
Narcotics Borough
Manhattan North
1 Police Plaza
New York, NY 10038

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [X] FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE
January 6, 2014
RECEIPT #

SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. 2    Yr. 2008  )
Attorney Bar Code # GC-0414

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

MELVIN MARTIN,

                          Plaintiff,

                -against-

THE CITY OF NEW YORK, DET. NELSON PABON,
Shield No. 7335, Individually and in his Official Capacity,
and DET. EMILY RIVERA, Shield No. 929040,
Individually and in her Official Capacity

                          Defendants.

------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff MELVIN MARTIN, by his attorneys, COHEN & FITCH, LLP,

complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages

and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his

civil rights, as said rights are secured by said statutes and the Constitutions of the State of

New York and the United States.

### JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988,

and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff MELVIN MARTIN is an African-American male and has been at all relevant times a resident of the City and State of New York.

7.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9.      At all times hereinafter mentioned, the individually named defendants DET. NELSON PABON and DET. EMILY RIVERA were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with

the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13.     On or about October 10, 2012, at approximately 6:45 a.m., plaintiff MELVIN MARTIN was lawfully present and asleep in his girlfriend's apartment located at 555 West 151 Street, County and State of New York.

14.     At the aforesaid time and place, defendants kicked down the door with guns drawn, waking plaintiff.

15.     Plaintiff was immediately arrested with his arms tightly behind his back.

16.     Plaintiff was transported to a nearby precinct where he was charged with Criminal Possession of a Weapon.

17.     At no time on October 10, 2012 did plaintiff possess a weapon or behave unlawfully in any way.

18.     At no time on October 10, 2012 did defendants possess probable cause to arrest plaintiff.

19.     At no time on October 10, 2012 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

20.     In connection with his arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office.

21.     Thereafter, defendants repeatedly gave false and misleading information regarding the facts and circumstances of plaintiff's arrest to the District Attorney's Office.

22.     Specifically, defendants falsely alleged that plaintiff possessed a weapon.

23.     As a result of defendants' actions, plaintiff MELVIN MARTIN spent approximately two (2) days in police custody and approximately one (1) month making court appearances.

24.     Despite defendants' actions, all charges against plaintiff MELVIN MARTIN were dismissed on or about November 9, 2012.

25.     As a result of the foregoing, plaintiff MELVIN MARTIN sustained, *inter alia*, physical injury, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

26.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

28.     All of the aforementioned acts deprived plaintiff MELVIN MARTIN of the rights, privileges and immunities guaranteed to citizens of the United States by the

28.     All of the aforementioned acts deprived plaintiff MELVIN MARTIN of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

29.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

30.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

31.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

34.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

35.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     Defendants misrepresented and falsified evidence before the New York County District Attorney.

37.     Defendants did not make a complete and full statement of facts to the District Attorney.

38.     Defendants withheld exculpatory evidence from the District Attorney.

39.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff MELVIN MARTIN.

40.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff MELVIN MARTIN.

41.     Defendants acted with malice in initiating criminal proceedings against plaintiff MELVIN MARTIN.

42.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff MELVIN MARTIN.

43.     Defendants lacked probable cause to continue criminal proceedings against plaintiff MELVIN MARTIN.

44.     Defendants acted with malice in continuing criminal proceedings against plaintiff MELVIN MARTIN.

45.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

46.     Specifically, defendants falsely and knowingly alleged, *inter alia*, that plaintiff possessed a firearm.

47.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff MELVIN MARTIN's favor on or about November 9, 2012 when the charges against him were dismissed.

48.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

49.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "48" as if the same were more fully set forth at length herein.

50.     Defendants created false evidence against plaintiff MELVIN MARTIN.

51.     Specifically, defendants falsely alleged that plaintiff possessed a firearm.

52.     Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's office.

53.     Defendants misled the prosecutors by creating false evidence against plaintiff MELVIN MARTIN and thereafter providing false testimony throughout the criminal proceedings.

54.     In creating false evidence against plaintiff MELVIN MARTIN, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

55.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

56.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

58.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

         i. maintaining an "activity" quota mandating officers make a minimum number of arrests, issue a minimum number of

summonses, and conduct a minimum number of "stop and frisks" on a monthly basis with deliberate indifference to training and supervising officers to ensure such actions are supported by the requisite cause or suspicion mandated by the Constitution;

ii. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics and satisfy said quota; and

iii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

59. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

60. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

61. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

62. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

63. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff MELVIN MARTIN's constitutional rights.

64. The acts complained of deprived plaintiff of his rights:

A. Not to be deprived of liberty without due process of law;

B. To be free from seizure and arrest not based upon probable cause;

C.     To be free from unlawful search;

D.     Not to have summary punishment imposed upon him; and

E.     To receive equal protection under the law.

65.     As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

## PENDANT STATE CLAIMS

66.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     On or about November 26, 2012 and within (90) days after the claim herein accrued, the plaintiffs duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

68.     Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

69.     Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and a hearing took place on February 26, 2013.

70.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

71.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

72.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## ASSAULT

73.     Plaintiff repeats, reiterate and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

75.     As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## BATTERY

76.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

77.     Defendant police officers touched plaintiff MELVIN MARTIN in a harmful and offensive manner.

78.     Defendant police officers did so without privilege or consent from plaintiff.

79.     As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE ARREST

80.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     Defendant police officers arrested plaintiff MELVIN MARTIN in the absence of probable cause and without a warrant.

82.     As a result of the aforesaid conduct by defendants, plaintiff MELVIN MARTIN was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.  The aforesaid actions by the defendants constituted a deprivation of the plaintiff's rights.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE IMPRISONMENT

83.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     As a result of the foregoing, plaintiff MELVIN MARTIN was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for his safety, and humiliated and subjected to handcuffing and other physical restraints.

85.     Plaintiff was conscious of said confinement and did not consent to same.

86.     The confinement of plaintiff was without probable cause and was not otherwise privileged.

87.     As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

88.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

90.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

91.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

92.     The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

93.     As a result of the aforementioned conduct, plaintiff suffered severe emotional distress and physical and mental injury together with embarrassment, humiliation, shock, fright and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS PROSECUTION

94.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.    On October 10, 2012, defendants commenced a criminal proceeding against plaintiff MELVIN MARTIN.

96.    Defendants lacked probable cause to commence said criminal proceeding against plaintiff MELVIN MARTIN.

97.    Defendants were motivated by actual malice in commencing said criminal proceeding against plaintiff MELVIN MARTIN.

98.    From October 10, 2012 to November 9, 2012, plaintiff was forced to repeatedly make appearances in Criminal Court to defend himself against the unlawful prosecution initiated by defendants.

99.    As a result of the malicious prosecution against him, plaintiff MELVIN MARTIN spent approximately one month making court appearances.

100.   On November 9, 2012, the criminal prosecution against plaintiff MELVIN MARTIN was terminated in his favor when the charges against him were dismissed.

101.   As a result of the aforementioned conduct, plaintiff suffered mental and physical injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

102.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103.   Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

104.   Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

105.   Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

i.   an order awarding compensatory damages in an amount to be determined at trial;

ii.   an order awarding punitive damages in an amount to be determined at trial;

iii.   reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

iv.   directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated:   New York, New York
         January 6, 2014


BY:_____
GERALD COHEN
JOSHUA FITCH
COHEN & FITCH LLP
Attorneys for Plaintiff
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com

INDEX NO.

YEAR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELVIN MARTIN,

Plaintiff,

-against-

THE CITY OF NEW YORK, DET. NELSON PABON,
Shield No. 7335, Individually and in his Official Capacity,
and DET. EMILY RIVERA, Shield No. 929040, Individually
and in her Official Capacity,

Defendants.

## SUMMONS AND COMPLAINT

### COHEN & FITCH LLP
*Attorney for* Plaintiffs
*Office and Post Office Address, Telephone*
233 Broadway - Suite 1800
New York, New York 10279
(212) 374-9115

Signature (Rule 130-1.1a)

Print Name Beneath

To
Attorney(s) for  Defendants

Service of a copy of the within is hereby admitted.          Dated

Attorney(s) for

PLEASE TAKE NOTICE

☐       NOTICE OF ENTRY

that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                    20

☐       NOTICE OF SETTLEMENT

that an order                                             of which the within is a true copy
will be presented for settlement to the HON.             one of the judges of the
within named Court, at
on                          20              at

Dated,                                                   Yours, etc.